UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY CHARLES JACKSON,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

Case No. C19-5359-MLP

ORDER DENYING PLAINTIFF'S
MOTION TO FILE AN OVER-
LENGTH OPENING BRIEF

This matter comes before the Court upon Plaintiff's motion for leave to file an over-length opening brief. (Dkt. # 11.) Plaintiff's motion was filed along with a twenty-two page opening brief (dkt. # 12) on the same day the brief was due. Plaintiff's motion was also unaccompanied by a declaration from counsel, and simply stated that the opening brief "exceeds the page limit per court rule . . . due to the extensive and complex medical evidence in the file." (Dkt. # 11 at 2.)

Plaintiff's motion (dkt. # 11) is DENIED, as Plaintiff has failed to show good cause for an exception to the page limitations set by the Court. As a threshold matter, the Scheduling Order in this matter states that "[s]tipulations and motions to extend time or page limitations must be noted on the Court's calendar *prior to the due date*[.]" ((Dkt. # 10 at 1 (emphasis added)); W.D.

Washington LCR 7(d) (providing that a motion seeking approval to file an over-length motion or brief "shall be filed as soon as possible but no later than three days before the underlying motion or brief is due, and shall be noted for consideration for the day on which it is filed").) Plaintiff failed to comply with the Court's directive and instead filed the motion and opening brief on the same date.

Similarly, the Scheduling Order provides that the opening brief should not contain a "lengthy recitation of background facts or medical evidence," as "[d]iscussion of the relevant facts must be presented in the argument section in the context of the specific errors alleged." (Dkt. # 10 at 2.) However, Plaintiff's opening brief includes a lengthy statement of facts divorced from any specific assignment of error.[1] Plaintiff has failed to show how this particular social security case is more lengthy or complex than any other, and Plaintiff's opening brief contains lengthy boilerplate discussions of the general governing legal standards and recitation of the medical record despite the Court's directive that such summaries be omitted. (*Id.*)

Accordingly, Plaintiff's opening brief (dkt. # 12) is STRICKEN. Plaintiff shall re-file an opening brief that complies with the Court's directives and the local rules of this district by no later than **Thursday, August 15, 2019.** In addition, Plaintiff is advised that any assignment of error relating to the ALJ's treatment of a particular medical source's opinion in relation to the RFC should explicitly discuss the ALJ's reasons for declining to adopt that source's opinion. Conclusory assertions that the ALJ erred by failing to adopt a particular medical source opinion and incorporate it into the RFC, without more, is insufficient.

//

---

[1] The Court notes that the opening brief also includes an inaccurate statement of the alleged assignments of error. (Dkt. # 12 at 2.)

The Clerk is directed to send copies of this order to the parties.

Dated this 12th day of August.

MICHELLE L. PETERSON
United States Magistrate Judge