UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY J.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C19-5359-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting his subjective testimony and in formulating the residual functional capacity ("RFC") assessment and hypothetical posed to the vocational expert ("VE"). (Dkt. # 14.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1968, has an 11th-grade education, and has worked as a janitor, office clerk, and trailer unloader. AR at 136, 293. Plaintiff was last gainfully employed in 2015. *Id.* at 293.

In December 2015, Plaintiff applied for benefits, alleging disability as of February 15, 2015. AR at 269-76. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 198-201, 204-20. After the ALJ conducted a hearing on December 5, 2017 (*id.* at 120-57), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 55-66.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since his alleged onset date.

Step two: Plaintiff's status post right carpal tunnel release, dysthymic disorder, learning disorders, and obesity are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

RFC: Plaintiff can perform light work with additional limitations: he can lift/carry 20 pounds occasionally and 10 pounds frequently (and has unlimited ability to push/pull within these exertional limits). He can sit for about six hours and stand/walk for about six hours in an eight-hour workday with regular breaks. He has unlimited ability to balance. He can frequently climb ramps and stairs, but can only occasionally climb ladders, ropes, or scaffolds. He can frequently stoop, kneel, crouch, crawl, handle, and finger. He should avoid even moderate exposure to vibration. He can understand, remember, and carry out simple tasks over an eight-hour day with regular breaks. He needs a routine and predictable work environment. He should not work with the general public.

Step four: Plaintiff cannot perform his past relevant work.

Step five: As there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

AR at 55-66.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

# III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# IV.     DISCUSSION

## A.     The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony

The ALJ discounted Plaintiff's subjective testimony because (1) he stopped working for reasons other than his impairments, (2) his hand/arm complaints were inconsistent with the medical record and his activities, and (3) his mental health complaints were inconsistent with the

record and his activities. AR at 61-63. Plaintiff contends that the ALJ did not provide legally

sufficient reasons to discount his testimony. (Dkt. # 14 at 7-11.)

       *1.*    *Legal Standards*

It is the province of the ALJ to determine what weight should be afforded to a claimant's

testimony, and this determination will not be disturbed unless it is not supported by substantial

evidence. A determination of whether to accept a claimant's subjective symptom testimony

requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen v. Chater*, 80 F.3d 1273,

1281 (9th Cir. 1996). First, the ALJ must determine whether there is a medically determinable

impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R.

§§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical

evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to

the severity of symptoms solely because they are unsupported by objective medical evidence.

*Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d

715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering,

the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.

*Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). *See*

*also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

       *2.*    *Plaintiff's Arguments*

Plaintiff presents no challenge to the ALJ's first reason, which pertains to the reasons

Plaintiff stopped working. The ALJ noted that Plaintiff alleged his disability began when he

stopped working in 2015, but that this job ended because he lost his security clearance (due to his

criminal history), rather than any impairment-related reason. *See* AR at 128-29. This is a valid

reason to discount Plaintiff's allegation of disability. *See* Social Security Ruling 82-61, 1982 WL

31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work."). Plaintiff's failure to challenge this reason is fatal, because it renders harmless any other errors in the ALJ's other reasoning, but the Court will nonetheless address the other reasons. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Plaintiff challenges the ALJ's reliance on his activities, claiming that the activities cited by the ALJ are not inconsistent with his allegations because they are not as demanding as full-time employment. (Dkt. # 14 at 7.) But the ALJ was more specific in her findings as to Plaintiff's activities: she pointed out how he was able to use his cell phone, send e-mail, and use his computer, which involved the use of his dominant right hand, even though he claimed to have disabling numbness and tingling in his right arm. AR at 61, 63. The ALJ also noted that Plaintiff was able to do laundry, cook, ride the bus and ferry, watch television, and remember a three-step command, even though he claimed to have disabling concentration limitations. *Id*. The ALJ did not suggest that Plaintiff's ability to do any one of these activities proved that he could work full-time; instead, she cited those activities as evidence of capabilities inconsistent with his alleged limitations. This is a proper finding regarding Plaintiff's activities. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

The ALJ also explained how the objective medical evidence was inconsistent with Plaintiff's alleged physical and mental limitations. AR at 61-63. Specifically, the ALJ noted how Plaintiff's treating provider opined that his right hand limitations were temporary in nature, as a result of his carpal tunnel surgery, and that this doctor opined that Plaintiff no longer had any hand restrictions as of October 2016. *Id*. at 62. The ALJ also noted that Plaintiff denied any

mental symptoms until his consultative examination, and that once he started receiving treatment, his symptoms improved. *Id*. at 62-63. Plaintiff did later report other mental symptoms for the first time in July 2017, but the ALJ emphasized that he also reported a "normal activity level" thereafter. *Id*. at 63 (citing *id*. at 616). The ALJ did not err in considering whether Plaintiff's allegations were consistent with the medical evidence, and discounting them to the extent they were inconsistent. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

In the section of his brief addressing the ALJ's findings regarding his subjective symptom testimony, Plaintiff also challenges the ALJ's step-two finding that certain mental conditions were not medically determinable impairments because they were not diagnosed by an acceptable medical source. (Dkt. # 14 at 11 (citing AR at 58).) Plaintiff contends that the ALJ had a duty to further develop the record to obtain more information about these conditions. (Dkt. # 14 at 11.) This argument is not persuasive because Plaintiff bears the burden of proof at step two, and he has not shown that the ALJ's duty to further develop the record was triggered by any ambiguous or inadequate evidence. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence"). Moreover, the ALJ discussed the symptoms (AR at 63) that Plaintiff alleged the ALJ "dismissed" due to lack of an acceptable diagnosis, explaining why she found them to be less limiting that he alleged. (Dkt. # 14 at 11.) Plaintiff has therefore not established an error at step two or in the ALJ's assessment of his testimony.

**B.    Plaintiff Has Not Shown Error in the ALJ's RFC Assessment or VE Hypothetical**

Plaintiff argues that the ALJ erred in assessing his RFC and in formulating the VE hypothetical. RFC is the most a claimant can do despite limitations and is assessed based on all relevant evidence in the record. *See* 20 C.F.R. § 416.945(a)(1). An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). An ALJ should also account for all of those limitations in a hypothetical posed to a VE. *See Lewis v. Apfel*, 236 F.3d 503, 517-18 (9th Cir. 2001) ("Hypothetical questions asked of the [VE] must 'set out all of the claimant's impairments.' If the record does not support the assumptions in the hypothetical, the [VE's] opinion has no evidentiary value." (quoting *Gamer v. Sec'y of Health & Human Servs.*, 815 F.2d 1275, 1278, 1279 (9th Cir. 1987))).

In this case, Plaintiff first argues that the ALJ erred in failing to account for limitations he described in his own statements in the RFC assessment. (Dkt. # 14 at 12.) But, as explained *supra*, the ALJ properly discounted Plaintiff's subjective testimony, and did not err in accounting for only credible limitations in the RFC assessment. *See Bayliss*, 427 F.3d at 1217-18 (holding that the ALJ's RFC assessment need not account for limitations or impairments that the ALJ properly rejected).

Plaintiff goes on to argue that the ALJ erred in failing to account for certain limitations mentioned in medical opinions in the RFC assessment and VE hypothetical (dkt. # 14 at 13-16), but Plaintiff fails to acknowledge that the ALJ explained why she discounted those medical opinions. *See* AR at 63-64. Plaintiff has presented no argument as to why the ALJ's reasons for discounting those opinions are invalid. Accordingly, Plaintiff has failed to meet his burden to show error in the ALJ's RFC assessment or VE hypothetical, because he has not shown that the

ALJ omitted any credited limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008); *Bayliss*, 427 F.3d at 1217-18.

**V.    CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 24th day of September, 2019.


_____
MICHELLE L. PETERSON
United States Magistrate Judge